### WADDELL *against* THE COLUMBIAN INSURANCE COMPANY.

THIS was an action on a policy of insurance, dated 14th *February*, 1810, on one fourth part of the ship *Governor Gore*, of which the plaintiff was master, on a voyage from *New-York* to *Tonningen*, " with liberty to touch at *Heligoland*; if turned away, to have liberty to go to a near port where she can be admitted." " Warranted *American* property, if captured or detained, the assured not to abandon, if the property insured is released, in six months after advice received here and notice thereof given to the company : warranted free from seizure in port." The plaintiffs declared for a total loss by capture.

The facts in this case were the same as those stated in the case of *Clarkson* v. *The Phœnix Insurance Company*, (9 *Johns. Rep.* 1.) which was an action on a policy on the *cargo* on board of the same ship; except, that in the present case, the plaintiff, who was *master* of the vessel for the voyage, and made the compromise, was also *part owner* of the vessel insured, and had the care and management of the interest of *W. Winthrop*, the other part owner of the vessel, who was jointly interested also in the cargo, and who had no agent or consignee abroad.

The jury found a verdict for the plaintiff for a total loss, subject to the opinion of the court on a case, with leave to either party to turn the same into a special verdict.

*D. B. Ogden* and *Colden*, for the plaintiff, relied on the case of *Clarkson* v. *The Phœnix Insurance Company*, (9 *Johns. Rep.* 1.) and cited also *Jumel and Desobry* v. *Marine Insurance Company*, (7 *Johns. Rep.* 412.)

*C. I. Bogert* and *S. Jones*, jun. for the defendants, contended, that it was to be inferred from the opinion of the court, in the former case, that if the *owner* had made the compromise, or had ratified the act of the master, it would have altered the case, and the plaintiff would not have been entitled to recover for a total loss; that when the master arrived at the port of destination he ceased to be master, and acted either as owner, or agent to the owner; (2 *Caines' Rep.* 172.) and that the true question in this case was, whether a compromise made by the owner himself, before an

A *master* who was also *part owner* of a ship, made a compromise with the captors, *bona fide*, and for the best interest of all concerned, by which the captors agreed to pay him a certain sum for the vessel and cargo, on his relinquishing all further claim. In an action, by the master, on a policy of insurance, on his interest, as *part owner* in the vessel, it was held, that the compromise being prudently and honestly made, while he acted, *ex necessitate*, in his character as *master*, for the benefit of all concerned, it affected his interest in no other manner than it did the interest of the other owners, and that his rights, as owner, under the policy of insurance, were the same, and stood on the same ground, as those of the other owners, and that he was, therefore, entitled to recover for a total loss. (See 9 *Johns. Rep.* 1.)

abandonment actually made, though notice of it had been given, could be binding on the insurers. They cited *Abbott* v. *Broome*, (1 *Caines' Rep.* 492.) and *Saidler* and *Craig* v. *Church*,(*a*) (in note, 3 *Caines' Rep.* 297.) *Robertson* v. *Hartshorne*, (2 *Caines' Rep.* 286.) *Abbot* v. *Sebor*, (3 *Johns. Cases*, 45.)

*Per Curiam.* The only difference between this case and that of *Clarkson* v. *The Phœnix Insurance Company* (9 *Johns. Rep.* 1.) is, that the master, who made the compromise, was owner of the interest covered by this policy. The compromise being *bona fide*, and for the best interest of all concerned, was binding upon all parties, and did not affect the rights of the other part owners under the policies which they might have effected; and shall the plaintiff have his own rights sacrificed, because he happened to be master? It is not probable that a partial compromise, or one excluding his interest, could have been effected; and to exclude it would have been to sacrifice it. The plaintiff, in his character of master, became, upon the capture, *ex necessitate*, as much the agent of the defendants as of the other insurers, and the compromise is to be referred to his character as master. His being owner, as well as master, will not affect the composition, if it was prudently and honestly made. It is greatly for the interest of insurers that it should not, for if it did, there never would be a compromise in such cases. After his duty and character, as master or agent for all concerned, had ceased, then his further interference would have been as owner, and he might have waived the abandonment, or done other acts which would have barred his claims under the policy. But the composition was made while he necessarily acted as agent for all concerned, arising from his character as master, and the compromise ought to affect his own interest, in like manner as it affected the other interests committed to his charge, and not otherwise. We cannot allow any distinction in this case. It

(*a*) This case, decided in *July*, 1799, is often mentioned at the bar, and not having been reported, is, sometimes, misunderstood. The facts of the case are correctly stated in the note in 1 *Caines' Rep.* 297. and the opinion of the court was, that the owners, in that case, having availed themselves of the advantage of the purchase, by fitting out the vessel and sending her on another voyage, *for their own account*, had *affirmed* the purchase made by the master, and thereby waived the abandonment. (1 *Caines' Rep.* 303.) In the case of *Abbot* v. *Sebor*, (3 *Johns. Cas.* 45.) the facts were similar, and it was decided, on the same principle, that the owners having concurred in the sale of the ship, and approved of what was done by the master and supercargo, who was also part owner, and taken the proceeds of the vessel and cargo to their own account, it amounted to a waiver of the abandonment.

1

would be unjust in its operation, and would very materially abridge the rights of an owner under a policy of insurance, provided he acted as master. The plaintiff is accordingly entitled to judgment, for the reasons assigned in the case of *Clarkson* v. *The Phœnix Insurance Company.*

<div align="center">Judgment for the plaintiff.</div>